```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA


UNITED STATES OF AMERICA       :    CRIMINAL NO.  03-827
                               :
     v.                        :
                               :
JAVIER HART                    :    CIVIL ACTION NO. 07-3729
```

MEMORANDUM AND ORDER

McLaughlin, J.                                    February 11, 2008

      Javier Hart was convicted by a jury on November 3, 2004, of various drug and weapons offenses.  The Court sentenced Hart to a mandatory minimum sentence of life imprisonment, plus sixty consecutive months.  The United States Court of Appeals for the Third Circuit affirmed Hart's convictions on all counts on August 4, 2006.  The Supreme Court denied Hart's petition for a writ of certiorari on October 11, 2006.  Hart has filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence.  The Court will deny the motion.

      Hart's first claim is that he was denied his right to consular notification under the Vienna Convention, and is, therefore, entitled to a hearing to determine whether this violation caused actual prejudice.  Hart also alleges that his counsel was ineffective for various reasons:  counsel did not challenge the particularity of the search warrant; counsel failed to challenge federal jurisdiction to prosecute him; counsel did not object to the government's alleged reliance on police reports

in arguing for enhancements of his sentence; and counsel did not raise the Vienna Convention issue.  Hart also claims that his constitutional rights were violated at trial because his prior convictions must be proven to a jury beyond a reasonable doubt to trigger a mandatory minimum sentence.  His seventh and final claim is that the Court misinterpreted Booker.

I.   Analysis

   A.   The Vienna Convention

Hart claims to be a citizen of the country of Panama, and states that he was never informed by law enforcement of his right to confer with his consulate after his arrest and before his trial.  The Court will assume both of those facts to be true.

The Vienna Convention provides:

> [I]f he so requests, the competent authorities of the receiving State shall, without delay, inform the consular post of the sending State if, within its consular district, a national of that State is arrested or committed to prison or to custody pending trial or is detained in any other manner. . . . The said authorities shall inform the person concerned without delay of his rights under this sub-paragraph[.]

Vienna Convention on Consular Relations art. 36(1)(b), Apr. 24, 1963, 21 U.S.T. 77, 596 U.N.T.S. 261.  Hart argues that he is entitled to a hearing regarding whether the government's failure to notify caused him prejudice.  Hart cites Medellín v. Dretke, 544 U.S. 660, 663 (2005), for the proposition that a directive by

President Bush has mandated that all foreign nationals must receive such a hearing.

As an initial matter, President Bush's directive that Medellín discusses refers only to the specific prisoners whose cases were at issue in the International Court of Justice ("ICJ") case of Case Concerning Avena and other Mexican Nationals (Mex. v. U.S.), 2004 I.C.J. No. 128 (Judgment of Mar. 31). See Medellín, 544 U.S. at 663; George W. Bush, Memorandum for the Attorney General (Feb. 28, 2005), App. 2 to Brief for United States as Amicus Curiae Supporting Respondent, Medellín, 544 U.S. 660 (No. 04-5928), 2005 WL 504490.  In addition, the Supreme Court has ruled that it is not bound by ICJ determinations. Sanchez-Llamas v. Oregon, 126 S. Ct. 2669, 2683 (2006). Therefore, Hart cannot rely directly on Avena for relief.[1]

Hart did not raise this issue prior to the filing of this motion.  Ordinarily, "to obtain collateral relief based on trial errors to which no contemporaneous objection was made, a convicted defendant must show both (1) 'cause' excusing his

---

[1] Neither the Supreme Court nor the United States Court of Appeals for the Third Circuit has decided whether the Vienna Convention creates a right that is individually enforceable in a judicial proceeding.  Both courts have assumed without deciding that the Vienna Convention creates an individually enforceable right.  Sanchez-Llamas, 126 S. Ct. at 2677-78; In re Obi, 240 Fed. Appx. 1000, 1000 n.2 (3d Cir. 2007) (citing Sanchez-Llamas). Some other circuits have decided against an individually enforceable right.  See, e.g., United States v. Emuegbunam, 268 F.3d 377, 391 (6th Cir. 2001).

double procedural default, and (2) 'actual prejudice' resulting from the errors of which he complains." <u>United States v. Frady</u>, 456 U.S. 152, 167-68 (1982).

In <u>Sanchez-Llamas</u>, the Supreme Court ruled that state procedural default rules applied to a state prisoner, Mario Bustillo, who raised a Vienna Convention claim for the first time in a collateral proceeding. <u>Sanchez-Llamas</u>, 126 S. Ct. at 2683, 2687; <u>see also</u> <u>Breard v. Greene</u>, 523 U.S. 371 (1998). Bustillo argued that the normal procedural default rules should be suspended because he was prevented from raising the claim earlier because the government failed to inform him of his right to consular notification under the Convention. The Court disagreed, stating that a violation of an accused's <u>Miranda</u> rights is also a failure to notify the accused of his rights, and yet <u>Miranda</u> claims can be procedurally defaulted. <u>Sanchez-Llamas</u>, 126 S. Ct. at 2687. The Court also distinguished and dismissed other grounds for the appellant's position that the usual state procedural default rules should not apply to Vienna Convention claims. <u>Id.</u> The Court concluded, "[the petitioner] requests an exception to procedural rules that is accorded to almost no other right, including many of our most fundamental constitutional protections. It is no slight to the Convention to deny [the petitioner's] claims under the same principles we would apply to an Act of Congress, or to the Constitution itself." <u>Id.</u> at 2688.

4

Sanchez-Llamas referred to state procedural default rules, not federal.  The logic of applying the normal procedural default rules to a Vienna Convention claim, however, applies to federal prisoners, as well.  The Supreme Court has ruled in another § 2255 context that "we see no basis for affording federal prisoners a preferred status [relative to state prisoners] when they seek postconviction relief." Frady, 456 U.S. at 166.  Lower courts have applied the procedural default rule in Sanchez-Llamas to § 2255 proceedings, often without much discussion of any possibility that state and federal prisoners should be treated differently. See, e.g., Anziani v. United States, No. 06-cv-12121, 2007 WL 1959212, at *3 (D. Mass. July 05, 2007); Vigil Alonso v. United States, 5:06-cv-156, 2007 WL 2010633, at *3 (S.D. Tex. July 5, 2007).

The Court concludes that Hart cannot now raise this issue on collateral attack.


B.   Ineffective Assistance of Counsel Claims

1.   Legal Principles

Whether or not counsel will be considered "ineffective" for habeas purposes is governed by the two-part test articulated by the Supreme Court in Strickland v. Washington, 466 U.S. 668 (1984).  Under Strickland, the defendant must prove that (1) counsel's representation fell below an objective standard of

5

reasonableness; and (2) there is a reasonable probability that, but for counsel's error, the result would have been different. Id. at 687-96; see also United States v. Nino, 878 F.2d 101 (3d Cir. 1989).

In evaluating the first prong, a court must be "highly deferential" to counsel's decision and there is a "strong presumption" that counsel's performance was reasonable. United States v. Kauffman, 109 F.3d 186 (3d Cir. 1997) (citing Strickland). Counsel must have wide latitude in making tactical decisions. Strickland, 466 U.S. at 689. The defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy. United States v. Gray, 878 F.2d 702 (3d Cir. 1989).

The conduct of counsel should be evaluated on the facts of the particular case, viewed as of the time of the conduct. Strickland, 466 U.S. at 690. The United States Court of Appeals for the Third Circuit, quoting Strickland, has cautioned that the range of reasonable professional judgments is wide and courts must take care to avoid illegitimate second-guessing of counsel's strategic decisions from the superior vantage point of hindsight. Gray, 878 F.2d at 711.

For the second prong, the Supreme Court has defined a "reasonable probability" as one that is sufficient to undermine confidence in the outcome. Strickland, 466 U.S. at 694. Put

another way, the question is whether there is a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt. The effect of counsel's inadequate performance must be evaluated in light of the totality of the evidence at trial.

    2.   <u>Application of Legal Principles</u>

Hart argues that his trial counsel was ineffective for not challenging the particularity of the search warrant because it failed to list firearms as objects of the search.

Defense counsel did file a motion to suppress the evidence in this case. Evidence was taken from Hart's person, his car, and a house. It is the search of the house that Hart is challenging in this petition. The evidentiary record in the trial court established that a weapon was seized from the house pursuant to a search warrant. Although defense counsel argued that the search warrant lacked probable cause, he did not argue that the weapon should be suppressed because it was not specifically listed in the items to be searched. In its decision on the motion to suppress, the Court held that the affidavit did not contain probable cause for the search, but denied the motion to suppress pursuant to the "good faith exception" first announced in <u>United States v. Leon</u>, 468 U.S. 897 (1984). The defendant's Fourth Amendment claims were argued before the United

States Court of Appeals for the Third Circuit, and that Court affirmed the decision on the motion to suppress.

Counsel's failure to challenge the search warrant on the ground of particularity fulfills neither prong of the <u>Strickland</u> test.  The items listed in the search warrant to be seized included a variety of drugs and drug paraphernalia, as well as monies, assets, pagers, and cellular phones, along with their memories and resident identification.  When law enforcement officers execute a search warrant, they may search wherever the items listed in the warrant may be.  Because of the nature of the items to be searched for in this warrant, the breadth of the officers' search was unlimited.  This warrant allowed the officers to search anywhere one of the items to be seized could be.  Once they observed the gun, they could seize it under the doctrine of plain view.  Therefore, the Court will deny the petition on this ground.

Hart's argument that his trial counsel was ineffective for failing to challenge federal jurisdiction before the trial is without merit.  The defendant was charged in an indictment for violations of federal criminal law, and the Court had subject matter jurisdiction over the case pursuant to 18 U.S.C. § 3231.  The fact that the alleged offense was investigated by state and local authorities and not by the federal authorities is not legally relevant.  Hart's counsel had no reasonable grounds to

object to subject matter jurisdiction.  His performance, therefore, on this issue was not deficient.

Hart next argues that defense counsel was ineffective for failing to object to the use of a police report that the defendant claims this Court relied on to determine that he had been convicted of prior felony offenses.  There is no evidence that this was the case.  The probation officer relied on copies of certified copies of convictions from the Philadelphia Court of Common Pleas to determine Hart's criminal history.  Moreover, at the sentencing hearing, the prosecutor stated that certified copies of the defendant's convictions for these offenses were supplied to the defendant during the discovery process before the defendant's trial.  During the sentencing hearing, defense counsel stated that he had seen the paperwork on the prior convictions prior to the sentencing and he did not believe there was a basis to challenge them.  Neither prong of the <u>Strickland</u> test is met under these circumstances.

Even if Hart were able to establish that defense counsel was ineffective on this point, he would not be able to establish any prejudice.  Hart is attempting to argue that the two separate convictions on February 8, 1993, in actual fact represented one unit of conviction for calculating whether he qualified for a mandatory minimum life sentence.  Hart argues that because both of these arrests (on different occasions, four

months apart) stem from the same conspiracy, they should only be counted as one offense or conviction.  Even if this were to be the case, Hart cannot establish that he suffered any prejudice, the second prong of the Strickland test.

Before trial, the government filed a notice under 21 U.S.C. § 851, that the defendant had been convicted of three prior felony narcotics offenses.  Title 21 of the U.S. Code only requires two predicate felony narcotics offenses to trigger application of the mandatory minimum term of imprisonment.  21 U.S.C. § 841(b)(1)(A)(viii).  In this case, Hart already had three felony narcotics convictions.  Condensing two of those convictions into one unit of conviction because both offenses stemmed from the same conspiracy has no effect since the law requires only two convictions for the mandatory minimum to apply.  Accordingly, Hart cannot establish any prejudice, even if his counsel was deficient for failing to object to both 1992 narcotics convictions being used as a partial basis for application of the mandatory minimum.

Nor does counsel's failure to raise Vienna Convention issues prior to trial amount to ineffective assistance of counsel.[2]  The defendant does not allege any prejudice as a

---

[2] In Sanchez-Llamas, the Supreme Court of Virginia had denied the petitioner's claim of ineffective assistance of counsel based on failure to invoke the Vienna Convention, but that issue was not before the United States Supreme Court. Sanchez-Llamas, 126 S. Ct. at 2677.

10

result of this failure.  Suppression of evidence is not a possibility.  See Sanchez-Llamas, 126 S. Ct. at 2680-82.  Hart wants the Court to have a hearing to explore any possible prejudice counsel's failure to raise the Vienna Convention issue.  But Strickland puts the burden on a defendant to show prejudice.

The United States Court of Appeals for the Third Circuit already denied on direct appeal Hart's argument that his constitutional rights were violated at trial because his prior convictions were not proven to a jury beyond a reasonable doubt to trigger application of the mandatory minimum sentence.

Finally, the defendant argues that the mandatory life sentence imposed by the Court was unconstitutional because it violated his Sixth Amendment right to a jury trial or the jury never authorized the life sentence.  He relies on United States v. Booker, 543 U.S. 220 (2005).  The United States Court of Appeals for the Third Circuit already rejected this argument in his direct appeal and in other cases.

A certificate of appealability shall not issue.

An appropriate Order follows.

```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA      :    CRIMINAL NO. 03-827
                              :
     v.                       :
                              :
JAVIER HART                   :    CIVIL ACTION NO. 07-3729
```

ORDER

AND NOW, this 11th day of February, 2008, upon consideration of defendant's motion to vacate, set aside or correct sentence (Docket No. 79), the government's opposition, and the defendant's response thereto , IT IS HEREBY ORDERED that said motion is DENIED for the reasons stated in a memorandum of today's date.  The Court will not issue a certificate of appealability because the defendant has not made a substantial showing of the denial of a constitutional right.

BY THE COURT:

/s/ Mary A. McLaughlin
MARY A. McLAUGHLIN, J.